**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 97-40017

(Summary Calendar)

_____


TIMOTHY A AGUILAR,

                              Plaintiff-Appellant,

versus


TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION, Company Departments;
UNIDENTIFIED WOODS, Sergeant, Coffield Unit;
UNIDENTIFIED WILBANKS, Sergeant, Coffield
Unit,

                              Defendants-Appellees.


_____

Appeal from the United States District Court
For the Eastern District of Texas
(6:95-CV-677)
_____

July 25, 1997

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Timothy Aguilar, proceeding *pro se*, appeals the district

court's denial of his Fed. R. Civ. P. 60(b) motion for relief from

_____

    [*]    Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

final judgment. Aguilar and several other prisoners filed an action in district court under 42 U.S.C. § 1983, asserting various civil rights violations. The district court dismissed Aguilar's claims with prejudice in an interlocutory order. Four months later, on June 14, 1996, the district court dismissed the claims of the last remaining plaintiff and entered a final judgment in the action. None of the plaintiffs filed a notice of appeal from the judgment.

On November 12, 1996, Aguilar filed his Rule 60(b) motion, asserting that he was denied the ability to appeal the dismissal of his claims due to the district court's failure to notify him of the entry of final judgment. Aguilar claimed that he learned of the judgment only after visiting with one of the other plaintiffs. In support of his motion, Aguilar attached a sworn affidavit by the prison mailroom supervisor stating that Aguilar had not received any legal mail in the month following the date of entry of the judgment. The district court denied the motion on the grounds that a Rule 60(b) motion may not be used to extend the time for filing a notice of appeal and that Aguilar otherwise failed to meet the requirements of Fed. R. App. P. 4(a)(5) for enlargement of time for appeal.

Aguilar argues on appeal that the district court abused its discretion because it failed to consider his Rule 60(b) motion as a Fed. R. App. P. 4(a)(6) motion to reopen the time for appeal. Rule 4(a)(6) states:

> [t]he district court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.

We cannot determine at this stage whether the district court abused its discretion because it is unclear from the record whether Aguilar filed his motion within seven days of learning of the judgment from his co-plaintiff, or whether he otherwise satisfies the requirements of Rule 4(a)(6).

Accordingly, we REMAND the case to enable the district court to determine whether Aguilar qualifies for relief under Rule 4(a)(6), and, if he does qualify, whether, in the court's discretion, such relief should be granted.